IN RE DISQUALIFICATION OF NUGENT: THE STATE OF OHIO *v.* RINDFLEISCH.

[Cite as In re Disqualification of Nugent (1987),
47 Ohio St. 3d 601.]

(No. 87-AP-094—Submitted and decided September 28, 1987.)

MOYER, C.J. The allegations contained in the affidavit of disqualification filed in the within cause do not support a finding that Judge Donald C. Nugent could not preside fairly and impartially in the trial of this matter.

However, the record reflects the existence of relationships or contacts within the judicial system of Cuyahoga County that could suggest to a reasonable person the appearance of prejudice or impropriety were this matter to be heard by any judge of the Cuyahoga County Common Pleas Court.

Specifically, the defendant is charged with causing the death of Timothy Sweeney. The victim's uncle, Judge Francis Sweeney, serves with Judge Nugent on the Cuyahoga County Common Pleas Court. The victim's father, James Sweeney, was until recently an investigator in the office of the Cuyahoga County Prosecuting Attorney, and the victim's mother, Ann Sweeney, is an employee of the Cuyahoga County Common Pleas Court Arbitration Department. In those capacities, the victim's parents would likely know and have had contact with most, if not all, of the common pleas judges. It is axiomatic that Judge Francis Sweeney knows and has a significant relationship with his fellow judges.

While no single factor described above would necessarily compel disqualification, the combination of these factors leads to but one conclusion. Therefore, to avoid even the appearance of any prejudice or partiality and to insure the public's confidence in the integrity of the judicial system, it is ordered that Judge Donald C. Nugent and all other judges of the Cuyahoga County Common Pleas Court participate no further in these proceedings. A visiting judge from outside Cuyahoga County will be assigned by me.